**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EXHIBIT 3

United States of America,

    Plaintiff,

v.

D-1, MICHAEL ANDREWS,

    Defendant.

No. 14-20211

Hon. Nancy G. Edmunds

<u>Count One</u>
18 U.S.C. § 371, *Conspiracy to Pass Counterfeit Money*

<u>Count Ten</u>
18 U.S.C. §§ 2, 472, *Aiding and Abetting, Passing Counterfeit Money*

**MAXIMUM PENALTY:**
Not More than Twenty (20) Years' Imprisonment

**MAXIMUM FINE:**
$250,000.00

**Supervised Release**: Not More than Three (3) Years

FILED
JUL 30 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

---

## Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant MICHAEL ANDREWS and the government agree as follows:

1.   **GUILTY PLEA**

    A.   **Counts of Conviction**

Defendant will enter a plea of guilty to Counts One and Ten of the Indictment which charges Conspiracy to Pass Counterfeit Securities of the United States, in violation of 18 U.S.C. § 371 (Count One), and Passing Counterfeit Securities, in violation of 18 U.S.C. § 472 (Count Ten).

B. **Elements of Offenses**

*The elements of Count One are:*

(1) Two or more persons entered into an unlawful agreement to pass or utter counterfeit securities of the United States;

(2) The defendant knowingly and voluntarily became a member of the conspiracy;

(3) One of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

(4) The overt acts were committed to further some objective of the conspiracy.

*The elements of Count Ten are:*

(1) The defendant passed, uttered or attempted to pass or utter a counterfeit or altered obligation of the United States;

(2) The defendant knew at the time that the obligation was counterfeit or altered; and

(3) The defendant acted with an intent to defraud.

C. **Factual Basis for Guilty Plea**

*The following facts are a sufficient and accurate basis for defendant's guilty plea*:

Beginning on or about January 2014 and continuing until on or about March 6, 2014, in the Eastern District of Michigan, defendant MICHAEL ANDREWS conspired and agreed together with co-defendants Armanni Liddell and Shannon Williams to pass counterfeit securities of the United States. Defendant ANDREWS committed the following overt acts, along with co-defendants Liddell and Williams, in furtherance of the conspiracy:

(a) From in or around January 2014 through March 2014, defendant ANDREWS and co-defendant Armanni Liddell did purchase counterfeit United States Currency from another individual;

(b) In or around February 2014, ANDREWS recruited Kroger grocery store employee Shannon Williams to assist him in passing counterfeit money at her cash register; and

(c) From February 2014 through March 2014, ANDREWS and Liddell caused one or more counterfeited obligations to be passed at Williams' cash register at a Kroger grocery store in the Eastern District of Michigan.

On or about March 6, 2014, defendant ANDREWS, acting with an intent to defraud, and along with co-defendants Liddell and Williams, did pass counterfeit securities of the United States at a Kroger grocery store in Westland, Michigan.

Westland, Michigan, is in the Eastern District of Michigan, Southern Division.

2. **SENTENCING GUIDELINES**

    A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    B. **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the parties recommend that the defendant's guideline range is **12-18** months, as set forth on the attached worksheets. If the Court finds:

        1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

    2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offenses; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **12-18 months**, the higher guideline range becomes the **agreed range**. The Court is not bound by this recommendation concerning the guideline range, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

    Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

C. **Relevant Conduct**

*The relevant conduct in this case includes the following:*

On February 26 and 28, 2014, defendant ANDREWS, acting with an intent to defraud, and along with co-defendants Liddell and Williams, did pass, and did aid and abet the passing of, counterfeit securities of the United States at a Kroger grocery store in Westland, Michigan. On March 3, 2014, defendant ANDREWS, acting with an intent to defraud, and along with co-defendants Liddell and Williams, did pass, and did aid and abet the passing of, counterfeit securities of the United States at a Kroger grocery store in Westland, Michigan.

3. **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Rule 11(c)(1)(B), the government makes a non-binding recommendation that the sentence of imprisonment be no more than the mid-point of the sentencing guideline range as determined by Paragraph 2B.

B. **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of $200 and must provide the government with a receipt for the payment before sentence is imposed.

D. **Fine**

There is no agreement as to fines.

E. **Restitution**

The Court shall order restitution to every identifiable victim of defendant's offenses and all other relevant conduct. The victims and the full amounts of restitution in this case will be determined at sentencing.

4. **FORFEITURE**

Defendant agrees, pursuant to 18 U.S.C. § 492, 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 982(a)(2)(B) together with 28 U.S.C. § 2461(c), to forfeit to the

United States, without contest, any and all right, title and interest he may possess in the following proceeds and property involved in defendant's violations of 18 U.S.C. §§ 371 and 472:

(i) Any counterfeit obligations, currency or other securities of the United States; and

(ii) Six-hundred and sixty ($660.00) of genuine United States currency seized from defendant ANDREWS in connection with this matter.

Following the entry of this Rule 11 Agreement, defendant agrees to the court's prompt entry of one or more orders of forfeiture of his interest in the above described property. If required, defendant agrees to sign such an order, indicating he consents to its entry at least two weeks before sentencing.

In entering into this agreement with respect to forfeiture, defendant expressly waives his right to have a judge or jury determine the forfeitability of his interest in the above-described property as provided by Rule 32.2 of the Federal Rules of Criminal Procedure.

In entering into this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any challenge to the above-

described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the above-described property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

5. **USE OF WITHDRAWN GUILTY PLEA**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6. **OTHER CHARGES**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.

7. **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3. The recommendations in Part 3 are not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

8. **APPEAL WAIVER**

The defendant waives any right he may have to appeal his conviction. If the defendant's sentence does not exceed 18 months, the defendant also waives any right he may have to appeal his sentence. If the defendant's sentence of imprisonment is at least 12 months the government waives any right it may have to appeal the defendant's sentence.

9.  **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTIONS**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other

promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12. **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on 7/3/2014**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

_____  _____
KEVIN M. MULCAHY           MOLLIE E. O'ROURKE
CHIEF, GENERAL CRIMES UNIT ASSISTANT UNITED STATES ATTORNEY
ASSISTANT UNITED STATES ATTORNEY

DATE: JUNE 18, 2014

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____  _____
HAYTHAM FARAJ, ESQ.        MICHAEL ANDREWS
ATTORNEY FOR DEFENDANT     DEFENDANT

DATE: 7/30/14

# WORKSHEET A (Offense Levels)

Defendant: __MICHAEL ANDREWS__         Counts: __ONE, TEN__

Docket No: __14-20211__         Statute: __18 U.S.C. § 371, 472__

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2B5.1(a) | Conspiracy | |
| §2B5.1(a) | Counterfeit Offense | 9 |
| §2B5.1(b)(1)(B) | Face value of counterfeit ≥ $10,000 | 4 |
| | | |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**13**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

X  *If this is the only Worksheet A, check this box and skip Worksheet B.*

☐  *If the defendant has no criminal history, check this box and skip Worksheet C.*

(rev. 12/10)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses): _____January 2014_____

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months (U.S.S.G. § 4A1.1(a)): 3 POINTS
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days (U.S.S.G. § 4A1.1(b)):        2 POINTS
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences (U.S.S.G. § 4A1.1(c)):        1 POINT
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| 3/2/2012 | J | CCW | 2 years' probation |  | 1 |
| 9/14/2012 | J | Marijuana Possession | 12 months' probation |  | 1 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*  A release date is required in only three situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 12/10)

(WORKSHEET C, p. 2)

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

   On probation for CCW (12-238901), 3rd Circuit Court, Wayne County

   | 2 |

3. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

   Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

   | |

4. **TOTAL CRIMINAL HISTORY POINTS**

   Enter the sum of the criminal history points entered in Items 1-3.

   | 4 |

5. **CRIMINAL HISTORY CATEGORY**

   | Total Criminal History Points | Criminal History Category |
   |---|---|
   | 0 – 1 | I |
   | 2 – 3 | II |
   | 4 – 6 | III |
   | 7 – 9 | IV |
   | 10 – 12 | V |
   | ≥ 13 | VI |

   | III |

(rev. 12/10)

# WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

   ☐ 13

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**

   ☐ -2

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   ☐ 11

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   ☐ III

5. **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL / REPEAT AND DANGEROUS SEX OFFENDER AGAINST MINORS (U.S.S.G. ch. 4, pt. B)**

   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   ☐

   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

   ☐

   c. In any case in which the defendant's instant offense of conviction is a covered sex crime, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. The offense level shall be 5 plus the offense level determined under Chapters Two and Three.

   ☐

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**

   Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   ☐ 12-18 months

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

   ☐

(rev. 12/10)

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

    a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

    [X] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

    [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

    [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    [ ] 2. No more than 3 years (total offense level < 6).

    c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

    [X] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

(rev. 12/10)
**(WORKSHEET E, p. 2)**

**4.** **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐ 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒ 2. At least 1 year, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐ 4. The statute of conviction requires a minimum term of supervised release of _____ months.

    c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.** **RESTITUTION (U.S.S.G. § 5E1.1)**

☐ 1. The court will determine whether restitution should be ordered and in what amount.

☒ 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution will be determined at sentencing.

☐ 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

☐ 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☐ 5. Restitution is not applicable.

(rev. 12/10)
**(WORKSHEET E, p. 3)**

6. **FINE (U.S.S.G. § 5E1.2)**

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

   | Minimum Fine | Maximum Fine |
   |---|---|
   | $2,000 | $20,000 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   $ 25.00 for every count charging a Class A misdemeanor,
   $ 10.00 for every count charging a Class B misdemeanor, and
   $  5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of __$200.00__.

8. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute. _____

   _____

9. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range. _____

   _____

(rev. 12/10)